UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BLIV, INC. d/b/a LECTRO ENGINEERING AND REAL BLIV, LLC, ) ) ) Plaintiff, ) ) v. ) ) THE CHARTER OAK FIRE INSURANCE ) COMPANY, ) ) Defendant. ) | Case No. 4:22CV869 HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Reconsider, [Doc. No. 64]. The Motion seeks reconsideration of the Court's granting Defendant's *Daubert* Motion to Exclude Expert Reports, Testimony and Opinions of Brian Johnson, P.E. Defendant opposes the Motion. For the reasons set forth below, the Motion will be denied.

On December 18, 2023, the Court granted the Motion to Exclude. Plaintiff filed this motion on January 26, 2024. Thus, the only basis for the motion under the Federal Rules of Civil Procedure is Rule 60.

The Federal Rules of Civil Procedure do not expressly contemplate a "motion to reconsider." *Branca v. Tesla, Inc.*, No. 4:24-CV-00178-RK, 2024 WL 2303947, at *1–2 (W.D. Mo. May 21, 2024); *Satterlee v. Internal Revenue Serv.*,

No. 6:21-cv-03046-RK, 2022 WL 16966525, at *1 (W.D. Mo. Nov. 16, 2022) (citation omitted). Federal courts generally construe such a motion under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). Rule 59(e) grants courts the power to "rectify its own mistakes in the period immediately following the entry of judgment;" however, the Rule requires that any motion to amend or alter the judgment be filed no later than 28 days after entry of judgment. *Burckhard v. BNSF Ry. Co.*, 837 F.3d 848, 857 (8th Cir. 2016) (quoting *White v. N.H. Dept. of Emp't Sec.*, 455 U.S. 445, 450 (1982)).

Rule 60(b) permits courts to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (*quoting United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)). The Rule is not intended to be a vehicle for seeking reconsideration of merits arguments that were previously considered by the Court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After carefully reviewing Plaintiff's motion to reconsider, the Court finds there are no grounds for granting relief under Rule 60(b). Plaintiff's motion to reconsider merely revisits the same arguments made in opposition to the original motion.

## Conclusion

Having considered Plaintiff's motion for reconsideration under Rule 60(b), the Court finds it does not meet any of the criteria for relief. The entirety of Plaintiff's motion for reconsideration sets forth arguments and allegations that were made previously. Therefore, the motion to reconsider will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, [Doc. No, 64], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant may file dispositive motions on or before June 17, 2024. The usual response and reply deadlines following any such motions will apply.

**IT IS FURTHER ORDERED** that the trial date of July 22, 2024 is vacated and will be reset, if necessary, upon the resolution of any dispositive motions.

Dated this 3rd day of June, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE